PAUL K. CHARLTON
United States Attorney
District of Arizona
JOELYN D. MARLOWE
Assistant United States Attorney
State Bar Number 009206
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
joelyn.marlowe@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR 04-2222-TUC-DCB (JM) |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| Miguel Figueroa-Rodriguez, | |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

## PLEA

1. The defendant agrees to plead guilty to Count 4 of the Indictment, which charges the defendant with Aggravated Assault on a Federal Officer, a felony, in violation of Title 18, United States Code, Sections 111(a)(1), 111(b), and 1114.

2. The defendant agrees to plead guilty to Count 16 of the Indictment, which charges the defendant with Attempted Destruction of an Aircraft, a felony, in violation of Title 18, United States Code, Sections 32(a)(1) and 32(a)(7).

## STIPULATIONS, TERMS AND AGREEMENTS

3. The defendant understands that the maximum penalties for the offense charged in Count 4 of the Indictment to which he is pleading is a fine not to exceed

$250,000 a term of imprisonment of twenty (20) years or both, and a period of not more than five (5) years of supervised release. The defendant understands that the maximum penalties for the offense charged in Count 16 of the Indictment to which he is pleading is a fine not to exceed $250,000, a term of imprisonment of twenty (20) years, or both, and a period of not more than five (5) years of supervised release.

4. The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

5. The defendant shall pay a special assessment of $100 for each count of conviction. The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to Title 18, United States Code, Chapters 227 and 229.

### Agreements Regarding Sentence

6. All remaining charges in the indictment to which this defendant is pleading guilty will be dismissed at sentencing.

7. Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P. and U.S.S.G. §5K3.1, the government and the defendant stipulate and agree that the following is an appropriate disposition of this case: 1) The defendant is eligible for three points for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1; 2) Pursuant to U.S.S.G. § 5K3.1, the government will move for a departure based on the early disposition provision; accordingly the parties have anticipated the following sentencing ranges:

Level 21 or 37 to 46 months imprisonment with no 5K3.1 departure;

Level 19 or 30 to 37 months imprisonment with a two level departure under 5K3.1;

Level 17 or 24 to 30 months imprisonment with a four-level departure under 5K3.1.

The plea agreement is conditioned upon the defendant having no criminal history.

The government reserves the right to withdraw from the plea agreement should the defendant have a criminal history. The parties reserve the right to withdraw from the plea agreement should the Court not sentence the defendant in accordance with the plea agreement.

8. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement, giving the defendant, in accordance with Rule 11(e)(4), Fed. R. Crim.P., an opportunity to withdraw defendant's guilty plea.

9. The defendant and the government agree that this agreement does <u>not</u> in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

10. Then defendant agrees not to file any motions for downward departures in this case and the Untied States agrees not to file any motions for upward departures. Any motions for upward or downward departures fi led in this case will be deemed as a breach of this agreement and may be grounds for either party to withdraw from this agreement.

11. The defendant hereby waives any and all motions, defenses, probable cause determinations, and objections which defendant could assert to the Information, the Indictment or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255. If defendant files a notice of appeal, notwithstanding this agreement, defendant agrees that this case shall be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

12. If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

13. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

(A) All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

(B) All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

(C) All history of drug abuse which would warrant a treatment condition as part of sentencing.

(D) All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against

self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any Sentencing Guidelines range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this <u>written</u> plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

ELEMENTS OF AGGRAVATED ASSAULT ON A FEDERAL OFFICER

1. The defendant intentionally used force in resisting and intimidating U.S. Immigration and Customs Enforcement Pilot John McCarthy;

2.  The defendant did so while pilot McCarthy was engaged in, or on account of his official duties;

3.  The defendant used a vehicle in such a way that it was capable of causing death or serious bodily injury.

### ELEMENTS OF ATTEMPTED DESTRUCTION OF AN AIRCRAFT

1.  The defendant willfully and intentionally attempted to damage, destroy, disable, or wreck;

2.  Immigration and Customs Enforcement helicopter N23670, an aircraft in the special jurisdiction of the United States.

### FACTUAL BASIS

On October 6, 2004, United States Border Patrol agents attempted a vehicle stop on a white Ford F-250 traveling southbound on State Route 286 near milepost 37. Although agents used lights and sirens to stop the vehicle, it failed to yield. All attempts to stop the vehicle, including the use of road spikes, were unsuccessful. The vehicle was driving erratically, several times crashing through fences to go cross-country through the desert at high rates of speed, narrowly missing numerous Border Patrol vehicles attempting to stop him. Approximately 15 minutes into the pursuit, a Border Patrol helicopter and an Immigration and Customs Enforcement Blackhawk helicopter arrived to assist ground agents. On at least one occasion, Pilot John McCarthy set the Blackhawk helicopter down on the ground in the path of defendant's vehicle in an attempt to stop it. The vehicle, however, continued to accelerate towards the Blackhawk, causing Agent McCarthy to take evasive action to avoid being rammed by the truck. The vehicle eventually drove into a wash and was unable to continue fleeing from law enforcement. The driver, later identified as the defendant, Miguel Figueroa-Rodriguez, was apprehended after a short foot chase with agents.

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove those facts beyond a reasonable doubt:

10/28/05
Date

*Miguel Figueroa Rodriguez*
MIGUEL FIGUEROA-RODRIGUEZ
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

10/28/05
Date

BRENDA DABDOUB-CABALLERO
Attorney for Defendant

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

PAUL K. CHARLTON
United States Attorney
District of Arizona

JOELYN D. MARLOWE
Assistant United States Attorney